UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MEL L. ATWELL, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No.: 3:12-cv-460-TAV-CCS ) ) |
| CORIZON, INC., | ) ) |
| *Defendant*. | ) |

## MEMORANDUM

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion to dismiss filed by defendant Corizon, Inc.; plaintiff's response thereto; plaintiff's motion for summary judgment against defendant Corizon, Inc.; and its response thereto. For the following reasons, the defendant's motion to dismiss [Doc. 23] will be **GRANTED** and plaintiff's motion for summary judgment [Doc. 27] will be **DENIED**. All other pending motions will be **DENIED** as **MOOT**. This action will be **DISMISSED WITH PREJUDICE**.

**I.     Standards of Review**

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir.

1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a

2

motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## II. Factual and Procedural Background

Plaintiff filed this action while he was in the custody of the Tennessee Department of Correction (TDOC) and housed at the Morgan County Correctional Complex (MCCX); plaintiff has since been released from custody. Plaintiff's complaint alleged a denial of medical treatment for what he claimed was thyroid cancer. The named defendants were Corizon, Inc. (incorrectly identified as Corizon Health Provider), the TDOC, and the TDOC Medical Staff. The Court sua sponte dismissed the TDOC and the TDOC Medical Staff as

3

defendants because they are not suable entities and allowed process to issue as to defendant Corizon, Inc. Defendant Corizon, Inc., moves to dismiss based upon plaintiff's failure to state a claim for which relief may be granted.

## III. Discussion

### A. The Motion to Dismiss

Plaintiff named Corizon, Inc., as a defendant in both the style of his case and in the section of the form complaint for identifying the parties to the case. [Doc. 2, Complaint, pp. 1, 3, respectively]. In the statement of claim section of the form complaint, however, plaintiff made no specific allegations against defendant Corizon, Inc. Rather, plaintiff alleged that a nurse practitioner discovered nodules on plaintiff's thyroid gland and told plaintiff that he would receive more tests and treatment, which never occurred. [*Id*. at 4]. For relief, plaintiff asked the Court to force the TDOC to provide him with proper medical care. [*Id*. at 5].

In response to the motion to dismiss, plaintiff asks that he be allowed to have his day in court. He also refers to the "amended medical conditions" set forth in his Pretrial Narrative Statement. [Doc. 35, Response, p. 2]. In his Pretrial Narrative Statement, plaintiff sets forth additional medical issues for which he claims he was denied treatment. [Doc. 25, Pretrial Narrative Statement, pp. 2-7]. With respect to defendant Corizon, Inc., however, plaintiff merely states that the defendant should be held liable because it is the contract medical provider for MCCX. [*Id*. 3]. Plaintiff's Pretrial Narrative Statement is not sworn, however, and it cannot supplant his original complaint. *See Harris v. J.B. Robinson*

4

*Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010) ("'[A] court may not consider unsworn statements when ruling on a motion for summary judgment.'") (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991)); *Pollock v. Pollock*, 154 F.3d 601, 612 n. 20 (6th Cir. 1998) ("An unsworn affidavit cannot be used to support or oppose a motion for summary judgment.").

A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The same principle applies to a private company that contracts to provide medical care to prisoners. *See, e.g., Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 101. For a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

Plaintiff has not identified a policy or custom that resulted in the violation of a constitutional right, but rather apparently seeks to hold Corizon, Inc. liable for the actions of its employees. Accordingly, plaintiff's complaint fails to state a claim against defendant Corizon, Inc.. For that reason, its motion to dismiss is well-taken and will be granted.

5

### B. The Motion for Summary Judgment

In his motion for summary judgment, plaintiff reiterates the medical problems he has had and for which he claims he has been denied treatment. Plaintiff has not demonstrated, however, that he is entitled to judgment as a matter of law. For that reason, his motion for summary judgment is not well-taken and will be denied.

### IV. Conclusion

The defendant's motion to dismiss will be **GRANTED** and the plaintiff's motion for summary judgment will be **DENIED**. All other pending motions will be **DENIED** as **MOOT**. This action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
